IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Spectrum Brands Pet LLC, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 3:21-cv-513 |
| v. | ) |
| | ) |
| Rongju Wu, Jinyu Chen, | ) |
| and John Does, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**STIPULATION FOR ENTRY OF JUDGMENT AND PERMANENT INJUNCTION
AGAINST DEFENDANTS AND DISMISSAL WITH PREJUDICE**

Pursuant to the parties' Confidential Settlement Agreement, Plaintiff Spectrum Brands Pet LLC ("Spectrum Brands") and Defendants Rongju Wu and Jinyu Chen (collectively, "Defendants") hereby stipulate to entry of judgment and a permanent injunction against Defendants and dismissal with prejudice of the above-captioned proceedings. The parties hereby

stipulate as follows:

1. This case involves Spectrum Brands' claims of copyright infringement under 17 U.S.C. § 101 *et seq.*; trademark infringement, trademark dilution, unfair competition, and counterfeiting under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; violation of the Wisconsin Deceptive Trade Practices Act; and common law trademark infringement and unfair competition.

2. Spectrum Brands is a limited liability company organized and existing under the laws of New York, located at One Rider Trail Plaza Drive, Suite 300, Earth City, MO 63045, and is wholly owned by Spectrum Brands, Inc., having a principal place of business at 3001 Deming Way, Middleton, WI 53562.

3. Defendants are California residents with an address of 522 N. Rural Drive, Monterey Park, CA 91755, and have sold and offered for sale a variety of products via online marketplaces including eBay, Facebook marketplace, and www.petswatching.com.

4. The Court has original jurisdiction over the federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The Court has supplemental subject matter jurisdiction over the Wisconsin state claims pursuant to 28 U.S.C. §§ 1332 and 1367(a).

5. The Court has personal jurisdiction over Defendants because they conduct business in Wisconsin and have committed acts of infringement in Wisconsin.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b). A substantial part of the events or omissions giving rise to the claim occurred in this District, including but not limited to Defendants' infringement and other acts constituting the claims as set forth herein.

7. Spectrum Brands is engaged in the business of the development, manufacture, and sale of a wide variety of branded pet grooming products and other consumer products. Spectrum Brands is the source of deshedding products offered under the FURMINATOR® brand and numerous other pet grooming products, and uses and owns various trademarks, copyrights, and other intellectual property on and in connection with such products. Spectrum Brands is the owner of the entire right, title and interest in and to the FURMINATOR® and FUREJECTOR® marks and Trademark Reg. No. 2,965,342, Trademark Reg. No. 3,238,141, Trademark Reg. No. 3,544,400, Trademark Reg. No. 5,722,436, U.S. Copyright Reg. No. VA 1-935-204, U.S. Copyright Reg. No. VA 1-935-198, U.S. Copyright Reg. No. VA 1-935-206, and U.S. Copyright Reg. No. VA 1-935-207, along with various other trademark and copyright registrations in the United States and abroad in connection with Spectrum Brands' pet grooming products (Spectrum Brands' trademarks, trade names, service marks, design patents and other intellectual property are collectively referred to herein as "Spectrum Brands' Intellectual Properties").

8. Defendants acknowledge and do not contest Spectrum Brands' exclusive rights in and to Spectrum Brands' Intellectual Properties, and Defendants further acknowledge and do not contest Spectrum Brands' exclusive right to distribute products embodying, comprised of, and/or utilizing Spectrum Brands' Intellectual Properties.

9. Defendants admit past infringement of Spectrum Brands' Intellectual Properties and that Spectrum Brands' Intellectual Properties are valid and enforceable. Under a Confidential Settlement Agreement, Defendants have agreed to entry of a Permanent Injunction and Dismissal as part of the parties' settlement.

10. The parties hereby consent to the jurisdiction of this Court, acknowledge that the Court has jurisdiction over the parties' Confidential Settlement Agreement, and agree that the Court shall retain jurisdiction for the purposes of implementing and enforcing the terms of that Agreement to the extent permitted by law.

11. The parties hereby acknowledge and agree to the terms of the Proposed Judgment and Permanent Injunction and Dismissal with Prejudice, filed concurrently herewith.

IT IS SO STIPULATED by the parties hereto.

Dated: 02/08, 2022.

*s/ Michelle M. Umberger*
Christopher G. Hanewicz
CHanewicz@perkinscoie.com
Michelle M. Umberger

*Rongju* (signature)

Rongju Wu, Defendant

MUmberger@perkinscoie.com

Gabrielle E. Bina

GBina@perkinscoie.com
PERKINS COIE LLP

33 East Main Street, Suite 201
Madison, WI 53703
Phone: (608) 663-7460

*Attorneys for Plaintiff*

*/s/ Jinyu Chen*

Jinyu Chen, Defendant