IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Spectrum Brands Pet LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 3:21-cv-513 |
| v. | ) |
| | ) |
| Rongju Wu, Jinyu Chen, and John Does, | ) |
| | ) |
| Defendants. | ) |

**[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS AND DISMISSAL WITH PREJUDICE**

The Court acknowledges that, pursuant to the parties' Confidential Settlement Agreement, Plaintiff Spectrum Brands Pet LLC ("Spectrum Brands") and Defendants Rongju Wu and Jinyu Chen (collectively, "Defendants") have entered into a Stipulation for Entry of Judgment and Permanent Injunction Against Defendants and Dismissal with Prejudice (the "Stipulation").  In accordance with the Stipulation, the Court hereby orders, adjudicates and decrees as follows:

1. **JUDGMENT:** In accordance with the terms of the parties' Confidential Settlement Agreement, judgment is hereby entered against Defendants and in favor of Spectrum Brands on all Counts of Spectrum Brands' Complaint (ECF No. 1), namely, copyright infringement, trademark infringement, counterfeiting under the Lanham Act, trademark dilution, unfair competition and false designation of origin under the Lanham Act, violation of the Wisconsin Deceptive Trade Practices Act, common law trademark infringement, and common law unfair competition.

2. **PERMANENT INJUNCTION:** Defendants and any person or entity acting under their direction, instruction, influence, or control (including but not limited to employees, agents,

or representatives) are hereby restrained and enjoined from engaging in, directly or indirectly, or authorizing, aiding, or assisting any third party to engage in any of the following activities in the United States:

    a. Copying, manufacturing, importing, exporting, purchasing, marketing, advertising, selling, offering for sale, distributing or dealing in any product that uses, or otherwise makes any use of Spectrum Brands' Intellectual Properties (defined as to the FURMINATOR® and FUREJECTOR® marks and Trademark Reg. No. 2,965,342, Trademark Reg. No. 3,238,141, Trademark Reg. No. 3,544,400, Trademark Reg. No. 5,722,436, U.S. Copyright Reg. No. VA 1-935-204, U.S. Copyright Reg. No. VA 1-935-198, U.S. Copyright Reg. No. VA 1-935-206, and U.S. Copyright Reg. No. VA 1-935-207, along with any other trademark and copyright registrations in the United States and abroad in connection with Spectrum Brands' pet grooming products); or

    b. Performing or allowing others employed by or representing Defendants, or under Defendants' control, to perform any act or thing that likely infringes upon Spectrum Brands' Intellectual Properties.

3. This Permanent Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

4. The Court finds there is no just reason for delay in entering this Permanent Injunction against Defendants, and, pursuant to Federal Rule of Civil Procedure 54(a), the Court directs immediate entry of this Permanent Injunction against Defendants.

5. No appeals shall be taken from this Permanent Injunction, and the parties waive all rights to appeal.

6. This Court expressly retains jurisdiction over this matter for the purposes of implementing and enforcing the terms of the parties' Confidential Settlement Agreement.

7. Spectrum Brands and Defendants shall each bear their own attorneys' fees and costs incurred in this matter.

8. Upon entry of this Permanent Injunction against Defendants, the case shall be dismissed with prejudice.

IT IS SO ORDERED, ADJUDICATED and DECREED this ___ day of _____, 2022.

_____